# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**CARL W. RUDOLPH**                                                                 **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 4:10CV-P38-M**

**WILLIAM BILLINGS**                                                              **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss this action for failure to state a claim.

Plaintiff Carl Rudolph, a convicted inmate incarcerated at the Daviess County Detention Center (DCDC), acting *pro se* filed this civil rights action pursuant to 42 U.S.C. § 1983 against Captain William Billings in his official capacity. Plaintiff complains that the DCDC has a policy that requires inmates to specifically identify what legal material they want before they will be provided to them. Plaintiff states that he requested legal materials "on possession of a handgun by a convicted felon," but was told to be more specific. Plaintiff contends that he cannot be more specific because he is not well-versed in the law. He states that he took an Alford plea and needs legal material on this subject so that he can study his case. Plaintiff complains that the DCDC's policy violates his constitutional rights. He is seeking compensatory and punitive damages.

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

The constitutional right at issue is Plaintiff's right to access the courts. In order to state a

claim for interference with access to the courts, a plaintiff must show actual injury. *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (noting that "the requirement that an inmate show 'actual injury' derives from the constitutional principle of standing")). "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "'Meaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (internal citations omitted). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey*, 420 F.3d at 578. Here, while Plaintiff is understandably frustrated with the difficulties he encountered with the legal library system, he has not alleged that these difficulties actually prevented him from meaningfully accessing the courts in any concrete way. As such, Plaintiff does not have standing to bring such a claim, and the Court must dismiss it for failure to state a claim.

Date:

cc: Plaintiff, *pro se*
    Defendant

4414.008